UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| RODNEY TUCKER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00065-GZS |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

In this action, Petitioner Rodney Tucker, an inmate in the custody of the Maine Department of Corrections, seeks relief pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of the Constitution. (Petition, ECF No. 1.) Petitioner was convicted in state court in 2008 of gross sexual assault, following a two-day jury trial.[1] The Law Court affirmed the conviction. *State v. Tucker*, 2009 ME 38, 968 A.2d 543. The Superior Court denied Petitioner's post-conviction petition, and the Law Court denied discretionary review. In response to the petition, the State has requested dismissal.

After a review of Petitioner's section 2254 motion and the State's request for dismissal, the recommendation is that the Court grant the State's request and dismiss the petition.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of the July 2007 crime for which Petitioner was convicted are set forth in the Law Court's opinion in Petitioner's direct appeal. *Id.* ¶¶ 2-6. The assault occurred during the evening

---

[1] *State v. Tucker*, PORSC-CR-2007-01911.

hours in some woods near an apartment complex in Portland where the victim was living with a friend, Kristin, and Kristin's family. *Id.* ¶¶ 2, 4-5.

Earlier during the day of the assault, Petitioner had assaulted a police officer in an unrelated incident at the same apartment complex. *Id.* ¶ 3. Following that incident, the police told Petitioner, in front of a gathered crowd, not to return to the apartment complex. *Id.* Petitioner reappeared that evening outside Kristin's apartment. *Id.* ¶ 4. The victim observed that Petitioner was drunk, and asked Kristin if Petitioner could stay over. When Kristin said that Petitioner could not spend the night, the victim told Petitioner that she would walk with him part way back to his house so that he could avoid further trouble with the police. *Id.* ¶ 4.

Petitioner suggested a shortcut through the woods, and as they walked through the woods, the victim walked in front of Petitioner to prevent him from tripping and falling. *Id.* ¶ 5. While they were walking, Petitioner spoke the victim's name. When the victim turned toward Petitioner, Petitioner punched the victim in the face and ear, ripping out a new piercing on her ear. *Id.* The victim lost consciousness, fell, and when she awoke her pants and underwear had been pulled down, Petitioner's pants were around his ankles, and he was crawling on top of her. *Id.* The victim told Petitioner to stop, but he held her down and sexually assaulted her. *Id.* She pushed him off and ran back to the apartment. *Id.* ¶ 6.

At the apartment, Kristin saw that the victim's glasses were bent, that she had a bruise on her eye, that she had a cut on her ear, that her lip was bleeding, and that she was crying so hard that it was difficult for Kristin to understand her. *Id.* When the police arrived, they found the victim very upset, with a swollen eye and a bloody nose. *Id.*

Petitioner was indicted in August 2007, and a two-day trial was held in February 2008 at which trial the State's evidence consisted of testimony of the victim, Kristin, the two responding

officers, and the nurse who administered the sexual assault test kit. *Id.* ¶ 7. The State's forensic chemist testified that there was no sperm or prostate-specific antigens in swabs that had been taken from the test kit. *Id.*

The defense sought to impeach the victim's credibility by introducing evidence of her reputation for untruthfulness. *Id.* ¶ 8. The court conducted a voir dire examination of the witness who was to testify to the victim's reputation. *Id.* The court excluded the testimony based on its finding that Petitioner had not met his burden, pursuant to M.R. Evid. 404(a)(2), 608(a), to establish the foundational requirements for evidence of reputation. *Id.* ¶ 12. Specifically, the court found that the community from which the evidence was derived was insular and shared only a narrow range of experiences with the victim, and that the witness was basing the testimony on specific instances rather than a commonly-held view of the victim's reputation. *Id.*

The jury returned a verdict of guilty on the one-count indictment. *Id.* ¶ 13. The Court sentenced Petitioner in May 2008 to fifteen years of incarceration, with all but seven and one-half years suspended, and a four-year term of probation. (Judgment and Commitment.) Petitioner actually started serving the sentence on February 8, 2008, which was the day the jury returned its verdict.[2] (Docket Sheet.) The application was dismissed as untimely filed. (Docket Sheet; Response at 2; Petitioner's Brief on Direct Appeal at 3 & n.2.)

Petitioner appealed the conviction, arguing that the court abused its discretion in excluding the reputation evidence. In April 2009, the Law Court affirmed the judgment, holding that the trial court's factual findings were supported by substantial record evidence and were not clearly erroneous. *Tucker,* 2009 ME 38, ¶ 24, 968 A.2d 543. "An eight-person community is not sufficient to form the foundation required to admit [the] reputation evidence." *Id.* The Law Court

---

[2] Petitioner notes that he is nearing the completion of his term of imprisonment. (Petition at 5.)

held that the trial court did not abuse its discretion in excluding the reputation evidence *Id.* ¶¶ 25-26. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

In September 2009, Petitioner filed a petition for post-conviction review in state court, requesting that the court vacate his sentence or reduce it. (Docket Sheet; State Court Petition at 4.)[3] Counsel was appointed and in December 2009, counsel filed an amended petition, incorporating the original petition. (Docket Sheet, Amended State Court Petition.) Petitioner alleged ineffective assistance of counsel based on a number of grounds relating to the conviction, including counsel's (1) failure to secure witnesses regarding the victim's reputation for untruthfulness; (2) failure to secure witnesses regarding the victim's alleged admission that she fabricated the charges against Petitioner; (3) failure to secure witnesses who could contradict the prosecution's theory that Petitioner hit the victim; (4) failure to impeach witnesses who testified about Petitioner's assault of a police officer on the day of the crime at issue here; (5) failure to find potential corroborating witnesses; (6) failure to offer a photograph of Petitioner that would corroborate his theory of the case; and (7) failure to prepare Petitioner to testify. (Order on Post-conviction Review at 1-2.) In addition, Petitioner alleged ineffective assistance of counsel regarding sentencing, including the failure to present mitigating factors, the failure to address discrepancies in the sentencing memo, and the failure to file a timely discretionary appeal. (Amended State Court Petition at 5-6.)[4]

The court granted several continuances at Petitioner's request, and granted Petitioner's three successive motions to withdraw counsel. (Docket Sheet.) Trial counsel died before the post-conviction evidentiary hearing. (Order on Post-conviction Review at 3.) The evidentiary hearing

---

[3] *Tucker v. State*, CUMCD-CR-2009-07022.

[4] The Amended State Court Petition is not paginated.

4

was held in January 2013. (Post-conviction Tr.)[5] At the hearing, the evidence included, among other things, the trial transcript, Petitioner's testimony, the testimony of a private investigator who had been hired by trial counsel, trial counsel's bill for services, and the expert testimony of an experienced defense attorney. (Post-conviction Tr.; Order on Post-conviction Review at 3.) In June 2013, the Superior Court denied the petition. (*Id.* at 19.)

In July 2013, Petitioner filed a notice of appeal seeking leave to appeal the post-conviction judgment to the Law Court. Although numerous issues had been raised in the post-conviction proceeding, Petitioner raised just one claim before the Law Court: ineffective assistance for the failure to consult with Petitioner on his right to testify in his own defense. (Memorandum in Support of Certificate of Probable Cause.) In December 2013, the Law Court denied leave to appeal. (Order Denying Certificate of Probable Cause.)

Petitioner's pro se federal habeas petition was filed on February 19, 2014. The section 2254 Petition does not contain a statement that it was signed under penalty of perjury.[6]

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner includes in his section 2254 petition several claims that are procedurally defaulted because they were not fully exhausted in state court and would be procedurally barred in state court. *Coleman*

---

[5] As the State notes, the docket sheet incorrectly states that the hearing was in January of 2012. (Response at 3 n.1.) The post-conviction transcript indicates that the hearing was held in January 2013.

[6] Rule 2(c)(5) of the Rules Governing Section 2254 Cases states in relevant part that a petition must "be signed under penalty of perjury by the petitioner." While this Recommended Decision addresses the merits of Petitioner's claim, and recommends that the Court deny Petitioner's request for relief, if the Court rejects the recommendation, Petitioner should be required to file a Petition that complies with Rule 2(c)(5) before he proceeds further in the matter.

5

*v. Thompson*, 501 U.S. 722, 735 n.1 (1991). He also includes in his section 2254 petition one claim that was fully exhausted in state court.

## A. The Procedurally Defaulted Claims

### i. Standard of review

A federal court may not grant a habeas petition unless the applicant first exhausts all state court remedies or there is no available or effective state court remedy. 28 U.S.C. § 2254(b)(1). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). Furthermore, the court may not grant relief on unexhausted claims unless the State has expressly waived the exhaustion requirement. 28 U.S.C. § 2254(b)(3). If a petitioner fails to exhaust state remedies, "and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas . . . ." *Coleman*, 501 U.S. at 735 n.1; *Cone v. Bell*, 556 U.S. 449, 479 (2009) (Alito, J., concurring in part and dissenting in part).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

As an alternative to a showing of cause and prejudice, a petitioner may demonstrate that review is "necessary to correct 'a fundamental miscarriage of justice.'" *Id.* at 748 (quoting *Engle*

6

*v. Isaac,* 456 U.S. 107, 135 (1982)). To demonstrate a fundamental miscarriage of justice, a petitioner "must show that the alleged error *more likely than not* created a manifest miscarriage of justice." *Sawyer v. Whitley,* 505 U.S. 333, 364 (1992). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013). The miscarriage of justice exception has been applied "to overcome various procedural defaults," including the "failure to observe state procedural rules . . . ." *Id.* at 1931-32 (citing *Coleman,* 501 U.S. at 750).

In the recent case of *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012), the Supreme Court reaffirmed its holding in *Coleman* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 1315. However, in *Martinez,* the Court recognized a "narrow exception" to the *Coleman* holding in that, as a matter of equity rather than constitutional law, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. The exception carved out in *Martinez* has limited applicability, as the Court held that it

> does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted) (citing *Coleman*, 501 U.S. at 754).[7] As the Court held in *Coleman*, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 501 U.S. at 752. *Martinez* did not change that law, i.e., the Court in *Martinez* did not grant a constitutional right to an attorney in state post-conviction proceedings, but rather recognized that in limited circumstances, ineffective assistance of counsel in the post-conviction proceeding may excuse a procedural default of a claim of ineffective assistance of trial counsel. 132 S. Ct. at 1319-20.

The First Circuit has not had occasion to consider whether the *Martinez* holding applies to claims of ineffective assistance of counsel at sentencing or on appeal. In *Dansby v. Norris*, 682 F.3d 711, 728-29 (8th Cir. 2012), vacated sub nom. *Dansby v. Hobbs*, -- U.S. --, 133 S. Ct. 2767 (2013), the Eighth Circuit held that the *Martinez* exception does not apply to claims of ineffective assistance of either trial counsel at the penalty stage (Claim XV in that case) or appellate counsel (Claim XIX in that case). *Dansby*, 682 F.3d at 729. The Eighth Circuit wrote:

> With respect to Claim XV, Arkansas law did not bar [the petitioner] from asserting in a new trial motion and on direct appeal the ineffective assistance of trial counsel at the penalty stage. On Claim XIX, the narrow exception of *Martinez* is limited to claims of ineffective assistance of *trial* counsel and does not extend to alleged ineffectiveness of appellate counsel. The rule of *Coleman* governs these claims, and we need not address whether the merits of either claim satisfies the standard of § 2253(c).

*Dansby*, 682 F.3d at 729. It appears that the Eighth Circuit might have applied the *Martinez* exception to ineffective assistance claims concerning sentencing counsel, i.e., "trial counsel at the penalty stage," had there been no option to address those claims in a motion for a new trial or on

---

[7] In *Martinez*, the Supreme Court clarified that 28 U.S.C. § 2254(i) precludes an ineffective assistance claim as an independent ground for relief under section 2254, but section 2254(i) does not preclude the assertion of ineffective assistance of counsel to establish cause for a procedural default. *Martinez v. Ryan*, --- U.S. ---, ---, 132 S. Ct. 1309, 1320 (2012).

8

direct appeal. *See id.* The Supreme Court vacated and remanded *Dansby* for further consideration in light of *Trevino v. Thaler*, 569 U.S. ---, 133 S. Ct. 1911 (2013), in which case the Supreme Court determined that when a state's court procedures "make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review," the *Martinez* exception applies. *Trevino*, 133 S. Ct. at 1915 (cited in *Dansby v. Hobbs*, 133 S. Ct. 2767).[8] The Supreme Court's decision to vacate and remand the Eighth Circuit's decision in *Dansby* suggests that the *Martinez* exception may be interpreted to apply to ineffective assistance claims regarding sentencing counsel.[9]

As to claims of ineffective assistance of appellate counsel, three circuit courts of appeal have held that the *Martinez* exception does not apply, while one circuit court has held that it does apply to appellate counsel. *See Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014) (holding that the *Martinez* exception does not apply to claims concerning ineffective assistance of appellate counsel); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that "ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective

---

[8] As of the date of issuance of this recommended decision, the Westlaw copy of *Dansby v. Hobbs*, 133 S. Ct. 2767 (2013), included a citation to *Trevino v. Thaler*, 133 S. Ct. 1747 (2013). This appears to be an unrelated opinion in *Trevino*; the issue referenced is discussed in the opinion at the citation indicated above, i.e., *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

[9] The Ninth Circuit has held that *Martinez* may be applied to excuse a procedural default caused by ineffective assistance of counsel at sentencing. *See Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014). In *Dickens*, the Court vacated in part and remanded the denial of the petitioner's section 2254 petition to allow the District Court to reassess the issue of cause and prejudice under *Martinez*. The petitioner claimed "that trial counsel should have obtained and introduced additional mitigating evidence, including evidence that [the petitioner] suffered from organic brain damage and [fetal alcohol syndrome]." *Id.* at 1316-17. The Court characterized this as a new claim that was procedurally defaulted because it had not been brought in state court, even though petitioner had brought a claim in state court alleging that sentencing counsel failed adequately to investigate and direct the work of the psychologist. *Id.* at 1317, 1319. The Court held that the *Martinez* exception is not rendered inapplicable simply because, although this claim was not exhausted, other claims were exhausted in the state court: "Because courts evaluate procedural default on a claim-by-claim basis, it follows that *Martinez* would allow a petitioner to show cause, irrespective of the presence of other, separate claims." *Id.* at 1320-21. A vigorous dissent argued that *Martinez* was not applicable because (1) the claim of trial counsel's ineffective assistance was brought in the state court and decided on the merits in its decision on the first state court post-conviction petition; (2) the petitioner never raised the issue of ineffective post-conviction counsel in the state court; and (3) ineffective assistance allegations that counsel failed to investigate the petitioner's fetal alcohol syndrome and organic brain disorder were brought for the first time in federal court and were never presented to the state court. *Id.* at 1326.

9

assistance of appellate counsel"); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) (same). *But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013) (holding that "the *Martinez* standard for 'cause' applies to all Sixth Amendment ineffective-assistance claims, both trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding").

Given that the claim in *Martinez* involved trial counsel, which fact the Supreme Court repeatedly referenced, and given that the Supreme Court explicitly stated that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here," *Martinez*, 132 S. Ct. at 1320, the plain reading of *Martinez* supports a determination that the *Martinez* exception (i.e., that ineffective assistance of post-trial counsel can overcome a procedural default) applies only where post-trial counsel's alleged ineffectiveness relates to counsel's failure to raise the issue of *trial* counsel's effectiveness in the post-trial proceedings.

### ii. Petitioner's procedurally defaulted claims

Petitioner has defaulted on all of the claims that he raised in the Superior Court post-conviction proceeding but omitted from his discretionary appeal of that decision. The defaulted claims are thus counsel's (1) failure to secure witnesses regarding the victim's reputation for untruthfulness; (2) failure to secure witnesses regarding the victim's alleged admission that she fabricated the charges against Petitioner; (3) failure to secure witnesses who could contradict the prosecution's theory that Petitioner hit the victim; (4) failure to impeach witnesses who testified about Petitioner' assault of a police officer on the day of the crime at issue here; (5) failure to find potential corroborating witnesses; and (6) failure to offer a photograph of Petitioner that would corroborate his theory of the case. (Order on Post-conviction Review at 1-2.)

The exception recognized in *Martinez* does not apply to these claims because they were defaulted in the discretionary appeal rather than at the initial-review collateral proceeding. As the Court held in *Martinez*, ineffective assistance does not excuse a procedural default when the alleged error occurred in an appeal from an initial-review proceeding. *Martinez*, 132 S. Ct. at 1320; *see also Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (holding that Petitioner failed to show cause for a procedural default because his ineffective assistance claims were addressed in his initial-review collateral proceeding but not preserved on appeal). Petitioner, therefore, does not have an ineffective assistance claim against the attorney who omitted these claims from the discretionary appeal of the post-conviction judgment. Accordingly, Petitioner cannot overcome the procedural default as to the claims.[10]

Petitioner also asserts several additional claims that were raised in his state court post-conviction petition but were not addressed in the state court post-conviction judgment. In one claim, Petitioner alleges that appellate counsel failed to argue that Petitioner was intoxicated at the time he received his *Miranda* warnings and therefore did not knowingly and voluntarily waive his

---

[10] Even if the claims had been exhausted and therefore not defaulted, Petitioner would not have been able to prevail. The court would have reviewed the claims under the standard applicable to exhausted claims, i.e., to determine whether the last reasoned state court decision was either an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), or an unreasonable determination of the facts. *See infra (discussion of standards applicable to exhausted claims).* The court's finding that better preparation of the character witness would not have resulted in a different outcome was not unreasonable because the court found that this witness's knowledge of the victim's reputation for truthfulness was limited and she had no additional testimony to offer. (Order on Post-conviction Review at 9.) The court also found that the other ineffective assistance claims failed due to lack of prejudice because (1) Petitioner cannot reasonably complain about defense counsel's failure to offer a photograph showing Petitioner with hickies on his neck, when Petitioner did not tell either counsel or the police about the photograph (*id.* at 12); (2) defense counsel cross-examined the victim, although he was not ultimately able to impeach her effectively about the sexual assault; (3) the testimony of another witness that the victim admitted to fabricating the charge was not credible; (4) evidence that the victim had a prior altercation with a third party was not relevant; and (5) one of the potential witnesses to the victim's reputation for untruthfulness was actually the victim's boyfriend, and although defense counsel subpoenaed him, that witness failed to appear. (*Id.* at 8, 12.) Petitioner has not demonstrated that these findings were unreasonable. Petitioner's claims are thus without merit. Furthermore, Petitioner's claim that counsel was ineffective for failing to object to testimony that he had been arrested after he assaulted the police officer is without merit, regardless of whether it was correct that Petitioner was actually arrested as a result of that incident. The trial transcript reflects that trial counsel objected to the use of the word "arrest," and a side-bar discussion was held. (Trial Tr. at 29-31.)

rights. (State Court Petition at 4; Section 2254 Petition at 1-3.) In the remaining claims, Petitioner alleges ineffective assistance of counsel regarding sentencing, including counsel's failure to present mitigating factors, failure to address discrepancies in the sentencing memo, and failure to file timely a discretionary appeal. (State Court Petition at 1, 4; Amended State Court Petition at 5-6; Petition at 5.) Petitioner did not raise any of these claims in his post-conviction post-hearing written argument. (Petitioner's Memorandum in Support of Relief Sought.) Because Petitioner did not raise the claims in his discretionary appeal of the post-conviction judgment, these claims are procedurally defaulted. (Memorandum in Support of Certificate of Probable Cause.)

Contrary to Petitioner's argument, none of these defaulted claims is within the *Martinez* exception. Preliminarily, the First Circuit has not yet had occasion to determine that *Martinez* applies to claims of ineffective assistance at sentencing or on direct appeal. In addition, Petitioner does not assert any substantial or meritorious claims, which is a prerequisite to application of the *Martinez* exception. *See Martinez*, 132 S. Ct. at 1318. Furthermore, the *Miranda* ineffective assistance claim and the sentencing ineffective assistance claims were defaulted at the discretionary appeal level because Petitioner did not assert the claims in his Memorandum in Support of Probable Cause. *Id*. at 1320 (holding that the exception permitting cause for a procedural default to be established by ineffective assistance of counsel at initial-review collateral proceedings does not apply to appeals from those proceedings).

Finally, Petitioner asserts an ineffective assistance claim that he appears to have referenced only vaguely in his state court petition. Petitioner suggests that his counsel was ineffective by failing to cross-examine Kristin and the victim concerning the discrepancies in their testimony about the amount of time that transpired from when the victim left Kristin's home with Petitioner

to when she returned after the assault. (Petition at 2.)[11] Kristin testified that the victim was absent for two or three hours, although she also testified that this was approximate or a "guess." (Trial Tr. at 91-92.) Kristin knew that at least an hour had elapsed because she had played a time-consuming game during that time. (*Id.* at 91.) The victim did not testify about the elapsed time specifically, but she testified that "it was getting late" when she ran into Petitioner and started to walk with him. (Trial Tr. at 33.) She did not testify to spending a couple of hours with him after leaving Kristin's apartment. Rather, her testimony reflects that she started walking with him soon after they met, and that he assaulted her after they started into the woods. (*Id.* at 33-34.) Defense counsel did not cross-examine the victim about the elapsed time, but he did confirm with Kristin on cross-examination that the victim was gone for a matter of hours. (Trial Tr. at 62-67, 79, 105-06.) The prosecutor addressed the discrepancy in her closing, stating that Kristin's estimate of the time was mistaken. (Trial Tr. at 246.) Defense counsel did not address the issue in his closing.

Simply stated, this claim cannot be considered a substantial claim because Petitioner cannot demonstrate the *Strickland* prejudice. That is, to the extent that there was in fact a discrepancy between the testimony of the victim and Kristin, the evidence was presented to the jury and, therefore, Petitioner cannot establish prejudice. Because Petitioner cannot establish the necessary prejudice, the claim is not substantial and thus is not within the *Martinez* exception. Furthermore, the issue was defaulted at the discretionary appeal level because Petitioner did not assert it in his Memorandum in Support of Probable Cause. *Id*. at 1320.[12]

---

[11] In the state court petition, Petitioner alleges, very generally, that trial counsel was ineffective for failing adequately to impeach witnesses for perjury and "inaccurate facts." (State Court Petition at 4.)

[12] Although Petitioner's section 2254 petition focuses mainly on the claims of ineffective assistance of counsel, his cover letter to the Court claims actual innocence. (Letter, ECF No. 1-2.) However, Petitioner has not made a credible showing of innocence, and there has been no fundamental miscarriage of justice. *See McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013).

## B. The Exhausted Claim

### i. Standard of review

Federal habeas relief based on a state court judgment is not available unless the state court adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see Hensley v. Roden*, --- F.3d ---, ---, 2014 WL 2791868, at *5, 2014 U.S. App. Lexis 11666, at *12-14 (1st Cir. June 20, 2014). When a petitioner challenges the state court's application of federal law, the federal law by which the state court decision is analyzed is determined by Supreme Court holdings at the time the state court decision was rendered. *Hensley*, 2014 WL 2791868, at *5, 2014 U.S. App. Lexis 11666, at *13.

To succeed on a claim of ineffective assistance of counsel, a state prisoner must demonstrate that the state court's "determination that his Sixth Amendment right was not abridged . . . was an unreasonable application of *Strickland v. Washington*, [466 U.S. 668 (1984)]."[13] *Hensley*, 2014 WL 2791868, at *9, 2014 U.S. App. Lexis 11666, at *28. "An '*unreasonable* application of federal law is different from an *incorrect* application of federal law,' and a state court is afforded deference and latitude." *Id.*, 2014 WL 2791868, at *5, 2014 U.S. App. Lexis

---

[13] The First Circuit has noted that under *Strickland*, a petitioner must demonstrate (1) that "the attorney 'made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment,'" and (2) "'prejudice to the defense,'" i.e., that it was "'reasonably likely' that the result of the criminal proceeding would have been different" without the attorney's errors. *Hensley v. Roden*, --- F.3d ---, ---, 2014 WL 2791868, at *9, 2014 U.S. App. Lexis 11666, at *28-29 (1st Cir. June 20, 2014) (quoting *Strickland*, 466 U.S. at 687, 696) (quotation marks omitted).

14

11666, at *13-14 (quoting *Harrington v. Richter*, --- U.S. ---, ---, 131 S. Ct. 770, 785 (2011)) (quotation marks omitted).

When a petitioner challenges the state court's determination of facts, "the fundamental principle of deference to those findings still applies." *Id.*, 2014 WL 2791868, at *5, 2014 U.S. App. Lexis 11666, at *14. The law provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1).

### ii. Petitioner's exhausted claim that counsel did not permit him to testify

Petitioner claims that counsel was ineffective because he failed to call Petitioner to testify and failed to prepare him to testify. (Petition at 3-4.) "A criminal defendant has a constitutional right to testify in his own defense. Counsel, acting alone, cannot waive this right on behalf of the defendant." *Rosenthal v. O'Brien*, 713 F.3d 676, 687 (1st Cir. 2013) (citing *Rock v. Arkansas*, 483 U.S. 44, 50-52 (1987)). As the Law Court framed the issue in its denial of Petitioner's request for a discretionary appeal of this claim, the claim concerns whether counsel told Petitioner that he had a right to testify and whether counsel prepared him to testify. (Order Denying Certificate of Probable Cause.)

Not insignificantly, although Petitioner testified in the post-conviction hearing that counsel did not discuss whether he would testify, in the state post-conviction proceeding, the court found that the trial court had conducted a thorough colloquy regarding Petitioner's right to testify, and that there was "no evidence that Tucker's waiver of his right to testify was anything but voluntary." (Order on Post-conviction Review at 18.) The court found that counsel's advice to Petitioner not to testify reflected sound strategy rather than deficient performance by counsel. (*Id.*) In fact, after reviewing Petitioner's account of the incident, the court found that Petitioner's version of the

15

relevant events was not credible. (*Id.* at 19.) The court concluded: "Defense counsel's performance does not disclose serious in-competency, inefficiency, or inattention. Rather, defense counsel's performance demonstrate[s] that he did the best he could with an implausible defense." (*Id.*)[14] The state court thus was not persuaded by Petitioner's ineffective assistance claim.

In December 2013, the Law Court addressed the ineffective assistance of counsel claim that was based on counsel's failure to call Petitioner to testify or to prepare him to testify. The Law Court denied leave to appeal the post-conviction, stating in pertinent part: "After review of the record, the Court has determined that no further hearing or other action is necessary to a fair disposition of the matter with regard to Tucker's assertion that his attorney failed to tell him that he had a right to testify and failed to prepare him to testify." (Order Denying Certificate of Probable Cause.)

Petitioner has not demonstrated either an unreasonable determination of the facts or an unreasonable application of federal law. The state court's factual finding that counsel was not constitutionally deficient was not "'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'" pursuant to section 2254(d)(2). *See Hensley*, 2014 WL 2791868, at *9, 2014 U.S. App. Lexis 11666, at *13 (quoting 28 U.S.C. § 2254(d)(2)) (recognizing that whether counsel was deficient could be addressed as an issue of fact). Petitioner thus cannot demonstrate that counsel was deficient or that he was prejudiced by the failure to call

---

[14] In its order on the post-conviction petition, the state court cited and distinguished the Law Court case of *Whitmore v. State*, 670 A.2d 394 (Me. 1996), with respect to whether Petitioner was deprived of a substantial ground of defense by the failure of counsel to call him as a witness. (Order on Post-conviction Review at 14.) *Whitmore* is similar in name but not the same case as the Superior Court case of *Whittemore v. State*, CR-05-109 (Me. Super. Ct., Sag. Cnty., Feb. 16, 2007), which Petitioner cited in his post-hearing memorandum. (Order on Post-conviction Review at 14; Petitioner's Memorandum in Support of Relief Sought at 11-12.) Petitioner's section 2254 petition cites the case and argues that because his claim is similar, he is entitled to the relief that he seeks. (Petition at 4.) However, Petitioner's ineffective assistance claim is without merit because counsel made the claim in the post-conviction proceeding and the court's rejection of that claim was not in error, nor unreasonable.

Petitioner to testify or to prepare him to testify.  Accordingly, Petitioner cannot establish that the state court's application of *Strickland* was incorrect or unreasonable.

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  The recommendation is that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of July, 2014.